**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| **RANDY FELLOWS,**<br><br>　　Plaintiff,<br><br>　　v.<br><br>**DAN R. SUNDAHL et al.,**<br><br>　　Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>**Case No. 2:16-cv-00785-JNP-PMW**<br><br>**District Judge Paul M. Warner**<br><br>**Magistrate Judge Paul M. Warner** |

Before the court is a motion by defendants Belsen Getty, LLC and Terry M. Deru (collectively the "BG Defendants") to compel arbitration and stay litigation as to the BG Defendants.[1] Plaintiff Randy Fellows failed to respond to the motion. For the reasons discussed below, Plaintiffs' motion is **GRANTED**.

## BACKGROUND

Of relevance here, Plaintiff signed an Investment Management Agreement (the "Agreement") on behalf of Randy Fellows Construction and as trustee of Randy Fellows Construction Employment Retirement Plan.[2] The Agreement includes a broadly worded arbitration provision:

> lf at any time during the term of the Agreement any question, disagreement, difference or controversy shall rise among the parties hereto regarding the meaning or interpretation of this Agreement or any rights, duties, or obligations of

---

[1] Docket no. 3.
[2] Docket no. 23-1

the parties hereunder, whether factual. technical, legal, equitable, or otherwise. such question, disagreement, difference, or controversy shall be submitted to and determined by arbitration in accordance with this Section.[3]

In July 2016, Plaintiffs filed the current action against the BG Defendants and others.[4] The claims against other defendants appear to arise from distinct agreements.

## ANALYSIS

The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, establishes a strong federal policy in favor of compelling arbitration. *See Southland Corp. v. Keating*, 465 U.S. 1, 11 (1984); *Sandvik AB v. Advent Int'l Corp.*, 220 F.3d 99, 104 (3d Cir. 2000). The FAA states:

> A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration *a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof*, [ . . . ] *shall be valid, irrevocable, and enforceable*, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2 (emphasis added).

The FAA "establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983). "If the allegations underlying the claims touch matters covered by the parties' arbitration agreement, then those claims must be arbitrated, whatever the legal labels attached to them." *Chelsea Family Pharmacy, PLLC v Medco Health Sols., Inc.*, 567 F.3d 1191, 1198 (10th Cir 2009). "[T]he party resisting arbitration bears the burden of proving that the claims at issue are unsuitable for arbitration." *Green Tree Fin. Corp.-Alabama v. Randolph*, 531 U.S. 79, 81 (2000).

---

[3] *Id.* at 5.
[4] Docket no. 2.

Where an arbitration provision is broad, "there arises a presumption of arbitrability and arbitration of even a collateral matter will be ordered if the claim alleged implicates issues of contract construction or the parties' rights and obligations under it." *Cummings v. FedEx Ground Package Sys., Inc.*, 404 F.3d 1258, 1261 (10th Cir. 2005) (citing *Louis Dreyfus Negoce S.A. v. Blystad Shipping & Trading Inc.,* 252 F.3d 218, 224 (2d Cir.2001)).

Here, Plaintiff fails to dispute the existence or applicability of the Agreement's arbitration clause. The language of the arbitration provision is very broad and appears to encompass the underlying dispute with the BG Defendants. To the extent doubt as to the applicability of the arbitration provision existed, the court would still be required to resolve that doubt in favor of arbitrability.

## CONCLUSION

Accordingly, the motion to compel arbitration is **GRANTED**. Claims against the BG Defendants are hereby **STAYED** pursuant to 9 U.S.C. § 3. If arbitration is completed before May 22, 2017, the parties must submit a joint status report within seven (7) days of completion of arbitration. If arbitration is not completed before May 22, 2017, the parties must submit a joint status report on May 22, 2017 and every four (4) months thereafter.

**IT IS SO ORDERED**.

DATED this 28th day of November, 2016.

BY THE COURT:

_____
PAUL M. WARNER
United States Magistrate Judge