IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| RANDY W. FELLOWS, an individual;<br><br>Plaintiff;<br>v.<br><br>DAN R. SUNDAHL, an individual; EQUIFUND CAPITAL, INC., a Utah corporation; TERRY M. DERU, an individual; BELSEN GETTY, LLC, a Utah limited liability company; PAUL M. HALLIDAY, JR., an individual; HALLIDAY WATKINS & MANN, P.C., a Utah professional corporation; and DOES I–L;<br><br>Defendants. | **REPORT AND RECOMMENDATION RE: MOTION TO STRIKE AND ENTER DEFAULT AGAINST DEFENDANTS DAN R. SUNDAHL AND EQUIFUND CAPITAL, INC.**<br><br>Case No. 2:16-cv-00785-JNP-PMW<br><br>District Judge Jill N. Parrish<br><br>Chief Magistrate Judge Paul M. Warner |

District Judge Jill N. Parrish referred this case to Chief Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[1] Before the court is Plaintiff Randy Fellows' ("Fellows") motion to strike and enter default against defendants Dan R. Sundahl and Equifund Capital, Inc. (the "Motion").[2] Having reviewed Motion and the relevant law, the court renders the following Report and Recommendation .[3]

## BACKGROUND

This is a fraud case. On July 13, 2016, Fellows brought a complaint in this court alleging thirteen causes of action arising under federal, state, and common law against various Utah-

---

[1] *See* docket no. 55.

[2] *See* docket no. 53.

[3] Pursuant to DUCivR 7-1(f), the court elects to determine the present motions on the basis of the written memorandum and finds that oral argument would not be helpful or necessary.

based individuals and entities. The Motion has little to do with the underlying facts of the case, however. Instead, it relates to the actions (and inaction) of Defendant Dan R. Sundahl and his corporation, Defendant Equifund Capital, Inc (collectively, "Sundahl").

On November 14, 2016, Magistrate Judge Furse issued a scheduling order in this case requiring that fact discovery be completed by June 30, 2017.[4] Pursuant to that order, Fellows sent Sundahl a first set of interrogatories, requests for production, and requests for admissions on March 9, 2017.[5] Fellows sent a second set of discovery requests on May 18, 2017.[6] Sundahl submitted his responses to the first set of discovery requests on April 5, 2017.

On June 7, 2017, Plaintiff moved the court to compel discovery and impose sanctions on Sundahl.[7] That motion alleged that Sundahl's responses to Plaintiff's first discovery request contained several deficiencies: Interrogatory No. 21 was not fully answered, and no documents were produced in response to Request for Production Nos. 1, 3, 4, 5, 6, and 7.[8] The motion further alleged that Fellows sent a meet-and-confer letter to Sundahl's counsel on May 18, 2017 that outlined the alleged deficiencies and provided until May 25, 2017 to properly respond to the first discovery request.[9] Sundahl did not respond to the letter.[10] On June 2, 2017, Fellows sent

---

[4] *See* docket no. 32 at 3.

[5] *See* docket no. 35.

[6] *See* docket no. 37.

[7] *See* docket no. 39.

[8] *See id.* at 2–3.

[9] *See id.* at 3.

[10] *See id.*

another request for full responses via email and attached his previous letter.[11] Sundahl never responded to the email. *Id.*

On June 16, 2017 (nine days after Plaintiff's motion to compel and impose sanctions), Sundahl apparently responded to Plaintiff's second set of discovery requests but did not produce any documents requested in his response.

Three days later, on June 19, 2017, Sundahl objected to Plaintiff's motion to compel and impose sanctions. His objection promised that he would produce "all Discovery available before Mr. Sundahl's deposition on or before June 22, 2017."[12]

Another three days later, on June 22, 2017, the parties gathered at the office of Plaintiff's counsel for Sundahl's scheduled deposition. Despite promising to produce "all Discovery available," Sundahl arrived with a one-page, computer-generated spreadsheet.[13] Sundahl's deposition could not proceed, so the parties continued the deposition until July 21, 2017. A transcript of the attempted deposition on June 22, 2017, indicates that Sundhal had represented to Plaintiff that Sundhal had in its possession documents responsive to the requests, but that Sundhal "was unable to find the boxes that have the documents in them."[14]

On June 29, 2017, the undersigned issued a docket text order requiring Plaintiff to "notify the court of the status of his motion within five (5) days of this order."[15] Plaintiff responded on July 5, 2017 and informed the court that Sundahl had failed to produce documents as he had

---

[11] *See id.*

[12] Docket no. 40 at 2.

[13] *See* docket no. 53-1.

[14] Docket no. 42 at 13.

[15] Docket no. 41.

3

promised. The next day, the court ordered Sundahl to respond to Plaintiff's motion to compel within five days.[16] Sundahl ignored the court's order, so on July 18, 2017, the court granted in part Plaintiff's motion to compel.[17] In so doing, the court required Sundahl to respond to Plaintiff's Interrogatory No. 21 and Requests for Production Nos. 1, 3, 4, 5, 6, and 7.[18] Out of "an abundance of caution," the court granted Sundahl an additional five days to explain to the court why Plaintiff's request for fees and expenses should be denied.[19]

Sundahl responded seven days later, on July 25, 2017.[20] His perfunctory, two-paragraph response alleged that Mr. Sundahl fell in May 2017 and was in a sling until July 2017, so he "has cooperated in discovery as much as he has been physically able to move boxes."[21] The court found Sundahl's excuse "unpersuasive" and granted Plaintiff's request for fees and costs.[22] The court directed Plaintiff to file an affidavit and cost memorandum detailing the expenses and fees incurred in connection with filing the motion to compel.[23] Thereafter, Sundahl would have fourteen days to respond to Plaintiff's affidavit.[24]

Plaintiff promptly filed an affidavit, and Sundahl did not respond. The court found Plaintiff's stated costs reasonable but awarded only $3,500.00 of Plaintiff's requested $4,512.50

---

[16] *See* docket no. 43.

[17] *See* docket no. 44.

[18] *See id.* at 2.

[19] *Id.*

[20] July 23 (five days after the court's July 18 order) fell on a Sunday, and July 24 is a state holiday.

[21] Docket no. 46 at 1.

[22] Docket no. 48 at 2.

[23] *See id.*

[24] *See id.*

in attorney's fees.[25] The court ordered Sundahl to make the payment and file a notice with the court indicating the payment had been timely made.[26]

The court's thirty-day deadline is now long past, as is the June 30th deadline for fact discovery. Sundahl has not paid the required award of attorney's fees, and he still has not complied with the court's order regarding discovery. Plaintiff alleges that he is unable to prepare for trial because of Sundahl's continued refusal to comply with the court's discovery orders. He asks the court to strike Sundahl's answer and enter a default in favor of Plaintiff against Sundahl. Sundahl did not oppose Plaintiff's motion within the fourteen-day period required by DUCivR 7-1(b)(3)(B).

## **LEGAL STANDARD**

When a party or a party's officer fails to obey an order to provide discovery, this court "may issue further just orders." Fed. R. Civ. P. 37(b)(2)(A). Such orders may include "striking pleadings in whole or in part" and "rendering a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A)(iii), (vi). The court has discretion to impose any sanction that is "just and related to the particular claim which was at issue in the order to provide discovery." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992) (internal quotation marks and citation omitted). However, a default judgment is a particularly severe sanction, and the court must make certain considerations.

First, default judgment "will be imposed only when the failure to comply with discovery demands is the result of willfulness, bad faith, or some fault of petitioner rather than inability to

---

[25] *See* docket no. 51 at 2.

[26] *See id.* at 2–3.

comply." *F.D.I.C. v. Daily*, 973 F.2d 1525, 1530 (10th Cir. 1992) (internal citations, quotation marks, and alterations omitted). "A 'willful failure' is an intentional failure rather than involuntary noncompliance." *Id.*

Second, the court should consider, on the record, a number of factors outlined by the Tenth Circuit in *Ehrenhaus*. Those include:

> (1) the degree of actual prejudice to the defendant;
> (2) the amount of interference with the judicial process;
> (3) the culpability of the litigant;
> (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and
> (5) the efficacy of lesser sanctions.

*Ehrenhaus*, 965 F.2d at 921 (internal quotations and citations omitted). The *Ehrenhaus* factors do not constitute a rigid test, but they do "represent criteria for the district court to consider prior to imposing dismissal as a sanction." *Id.* Dismissal is warranted "'[o]nly when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits . . . ." *Id.* (quoting *Meade v. Grubbs*, 841 F.2d 1512, 1521 n. 7 (10th Cir. 1988)).

## DISCUSSION

### I. Willfulness or Bad Faith

First, the court must determine whether Sundahl has acted willfully or in bad faith to obstruct discovery, rather than out of inability to comply. The record demonstrates that Sundahl has obstructed the discovery process with alarming frequency. Sundahl's response to Plaintiff's first discovery request was incomplete, and Sundahl completely ignored two written requests to cure the deficiencies in his first set of responses. In response to Plaintiff's motion to compel, Sundahl promised to produce "all Discovery" at his deposition on June 22, 2017, but, he arrived at his deposition with an unresponsive, one-page spreadsheet of dubious origin. The transcript of

that deposition indicates that Sundahl had documents responsive to Plaintiff's requests. Sundahl's deposition was continued until July 21, 2017, and he again failed to produce the requested documents before that time. In response to the court's order granting in part Plaintiff's motion to compel, Sundahl claimed that he "was in a sling until early July 2017 and has cooperated in discovery as much as he has been physically able to move boxes." The court was not then and is not now persuaded by Defendant's half-hearted and unsupported excuse. Importantly, Sundahl has never claimed any privilege with respect to the requested documents, or objected to the requests on any grounds.

It appears that Sundahl produced documents on July 17, 2017. However, Plaintiff alleges that Sundahl produced only three different versions of an expense report for Equifund from January 2008 to December 2008, and Equifund does not appear to have been established until October 26, 2009. Sundahl does not dispute this. Sundahl still has not complied with the court's July 18, 2017 order compelling discovery. And, Sundahl still has not paid the $3,663.53 in attorney's fees, and the thirty-day period in which he was ordered to do so has long passed.

For the foregoing reasons, the undersigned finds that Sundahl has not demonstrated an inability to comply with discovery requests and court orders. Instead, his repeated refusal to provide discovery and obey this court's orders demonstrates a determined and willful refusal to participate in the discovery process.

## II.     *Ehrenhaus* Factors

Second, the court must consider whether "the aggravating [*Ehrenhaus*] factors outweigh the judicial system's strong predisposition to resolve cases on their merits." *Ehrenhaus*, 965 F.2d

at 920. The undersigned concludes, for the reasons that follow, that taken together, Sundhal's actions warrant dismissal.

First, the court finds that Plaintiffs are prejudiced by Sundhal's actions. The predictable result of Sundahl's complete noncompliance and disobedience is this: Plaintiff has not received requested discovery making his ability to effectively prosecute his case impossible.

Second, as outlined above, Defendant's behavior has seriously interfered with the judicial process. Sundhal has repeatedly refused to provide requested discovery, disobeyed court orders, and was unmoved by sanctions imposed by the court, which Sundhal has not paid. These actions have not only hindered Plaintiff's ability to prosecute his case, but seriously interfered with the court's ability to adjudicate it.

These facts also support a finding of Sundhal's culpability. As noted above, the court concludes that Sundhal's behavior was willful and in bad faith. Despite the fact that Sundhal apparently admitted at his attempted deposition on June 22, 2017 that relevant and responsive documents exist, he has repeatedly failed to produce those documents. Sundhal has provided no credible defense to his repeated failures to comply with discovery requests and court orders.

The court has not explicitly warned Sundhal that dismissal was a likely sanction for noncompliance. However, Rule 37 explicitly states that dismissal of the action is a potential sanction for not obeying a discovery order. *See* Fed. R. Civ. P. 37(2)(A)(v). And, here, the court concludes that the final factor—the efficacy of lesser sanctions—overcomes the lack of warning to Sundahl. The court has ordered Sundahl more than once to comply with discovery requests, to comply with the court's orders, and to pay attorney fees as sanctions for failure to comply. Sundahl continues to ignore the court's orders. It is the conclusion of the undersigned that lesser

sanctions would not be effective. Although dismissal is a severe sanction, a failure to enforce the rules will result in contempt for the rules. In this case such a severe sanction is a self-inflicted wound on the part of Sundahl, who has had more than ample time to comply, but has instead repeatedly ignored, both the rules and court orders.

For all the foregoing reasons, the court finds that the aggravating factors outweigh the predisposition to resolve cases on their merits, and dismissal of the action is warranted.

## CONCLUSION

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that the Motion be **GRANTED**, the pleadings of Defendants Dan R. Sundahl and Equifund Capital, Inc. be **STRICKEN**, and **DEFAULT JUDGMENT** in favor of Plaintiff Randy W. Fellows be entered.

Copies of this Report and Recommendation will be sent to the parties, who are hereby notified of their right to object. *See* 28 U.S.C § 636(b)(1); Fed. R. Civ. P. 72(b). Any objection to this Report and Recommendation must be filed within fourteen (14) days after being served with a copy of it. *See id.* Failure to object may constitute waiver of objections upon subsequent review. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

**IT IS SO ORDERED**.

DATED this 11th day of December, 2017.

BY THE COURT

_____
PAUL M. WARNER
Chief United States Magistrate Judge