IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| RANDY W. FELLOWS, an individual,<br><br>      Plaintiff,<br><br>v.<br><br>DAN R. SUNDAHL, an individual;<br>EQUIFUND CAPITAL, INC., a Utah<br>corporation; TERRY M. DERU, an individual;<br>BELSEN GETTY, LLC, a Utah limited<br>liability company; PAUL M. HALLIDAY, JR.,<br>an individual; HALLIDAY WATKINS &<br>MANN, P.C., a Utah professional corporation;<br>and DOES I – L;<br><br>      Defendants. | **ORDER ADOPTING REPORT AND<br>RECOMMENDATION**<br><br><br><br><br>Case No. 2:16-CV-785<br><br>District Judge Jill N. Parrish |

Before the court is Chief Magistrate Judge Warner's Report and Recommendation re: Motion to Strike and Enter Default against Defendants Dan R. Sundahl and Equifund Capital, Inc. (ECF No. 56). For the reasons below, the court adopts the Report and Recommendation in full.

## I.  BACKGROUND

Mr. Sundahl, together with his corporation Equifund, has willfully and repeatedly failed to comply with discovery requests, ignored court orders, and disregarded deadlines. His conduct has severely prejudiced Plaintiff Randy Fellows and interfered with the judicial process. Mr. Sundahl has provided no credible defense for his conduct, and despite lesser sanctions from the court, his conduct continues. Consequently, Chief Magistrate Judge Warner recommends that the court strike Mr. Sundahl's pleadings and enter default judgment in favor of Mr. Fellows.

Mr. Sundahl and Equifund filed a timely objection (ECF No. 57). But that objection does not address the court's characterization of his conduct or the court's legal analysis. Instead, Mr. Sundahl simply asserts a general objection that recovery is barred in part by a statute of limitations.

In support of the objection, Paul M. Halliday, Jr. (co-defendant and counsel for Mr. Sundahl) avers that Mr. Sundahl signed two promissory notes: one dated April 7, 2010 and due May 7, 2010, and another dated July 15, 2010 and due July 31, 2010. Mr. Sundahl asks the court not to allow Mr. Fellows to recover on the April 7, 2010 promissory note "because it violates the statute of limitations." ECF No. 57 at 2. Mr. Sundahl does not cite any statute of limitations, nor does he present any legal argument in support of his argument. Still, because Mr. Sundahl filed a specific and timely objection, the court reviews the relevant portion of the magistrate judge's disposition *de novo*.

## II.     STATUTE OF LIMITATIONS

The relevant statute of limitations is Utah Code Ann. § 78B-2-309, which reads in part: "An action may be brought within six years . . . upon any contract, obligation, or liability founded upon an instrument in writing." The parties agree that the first promissory note was due May 7, 2010. But this action was not filed until July 2016—more than six years after the first promissory note was due.

However, Utah law permits actions for recovery of debt to be brought "within the applicable statute of limitations from the date . . . a written acknowledgement of the debt or a promise to pay is made by the debtor." Utah Code Ann. § 78B-2-113.

In Mr. Fellows' response to the objection, he argues that Mr. Sundahl repeatedly assured him that Mr. Fellows would receive full payment and that those assurances should toll the statute of limitations. That argument is clearly supported by the allegations of the complaint. *See, e.g.,*

ECF No. 2 at ¶¶ 155–158 (alleging that, "[t]hroughout the rest of 2015, Sundahl . . . contact [sic] Fellows nearly every month or so asking him to prepare payoff amounts on the Vernal/Chicken Plant/Dinar Trading/Dinars to Oil Investment and the Model Home Notes based on the repeated promises that the investments in the Dinars to Oil Investment were forthcoming and were sufficient not only to make all payments . . . but that even more profits would be paid"). Therefore, because the complaint alleges that Mr. Sundahl promised to pay Mr. Fellows as recently as 2015, both promissory notes fall well within Utah's applicable statute of limitations.[1]

## III. ORDER

For the reasons above, and based upon the court's review of the parties' submissions, the Report and Recommendation, and the relevant law, the court concludes that the Report and Recommendation is a correct application of the law. Therefore, the court orders as follows:

1. The Report and Recommendation is **ADOPTED IN FULL**.

2. Mr. Fellows' motion to strike and enter default against defendants Mr. Sundahl and Equifund is **GRANTED**.

3. The pleadings of Mr. Sundahl and Equifund are **STRICKEN**.

4. The clerk of the court is instructed to enter a **CERTIFICATE OF DEFAULT** against Mr. Sundahl and Equifund. Pursuant to Federal Rule of Civil Procedure 55(b), Mr. Fellows has thirty days to submit an affidavit showing the amount due, if the amount sought is for a sum certain or a sum that can be made certain by computation. Otherwise, Mr. Fellows may request a hearing to determine the amount of damages.

---

[1] While § 78B-2-113 requires that an acknowledgment of a debt must be in writing to toll the statute of limitations, it does not similarly require that a promise to pay made by the debtor be done in writing. Therefore, whether Mr. Sundahl's promises to pay were made in person, over the phone, or in writing are irrelevant.

Signed February 26, 2018

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge