IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| RANDY W. FELLOWS, an individual,<br><br>　　　　　　Plaintiff,<br>v.<br><br>DAN R. SUNDAHL, an individual; EQUIFUND CAPITAL, INC., a Utah corporation; TERRY M. DERU, an individual; BELSEN GETTY, LLC, a Utah limited liability company; PAUL M. HALLIDAY, JR., an individual; HALLIDAY WATKINS & MANN, P.C., a Utah professional corporation; and DOES I – L;<br><br>　　　　　　Defendants. | **ORDER DISMISSING ACTION WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH AND RESPOND TO COURT ORDERS**<br><br><br>Case No. 2:16-CV-785<br><br>District Judge Jill N. Parrish |

Plaintiff Randy W. Fellows initiated this action on July 13, 2016, alleging violations of federal securities law alongside an array of state law claims against defendants Dan R. Sundahl, Equifund Capital, Inc., Terry M. Deru, Belsen Getty, LLC, Paul M. Halliday, Jr., and Halliday, Watkins & Mann, P.C. (ECF No. 2).

On November 9, 2016, Halliday, Watkins & Mann, P.C. was voluntarily dismissed from the case. (ECF No. 30). On November 28, 2016, Magistrate Judge Warner granted the motion to compel arbitration brought by Mr. Deru and Belsen Getty, LLC (the "BG Defendants"). (ECF No. 34). The claims against the BG Defendants were stayed, and the parties were ordered to submit a joint status report on May 22, 2017, and every four months thereafter to apprise the court of the status of arbitration. No joint status report was ever filed.

On February 26, 2018, the court adopted Magistrate Judge Warner's Report and Recommendation that a default certificate be entered against Mr. Sundahl and Equifund Capital,

Inc. as a sanction for having "willfully and repeatedly failed to comply with discovery requests, ignored court orders, and disregarded deadlines." (ECF No. 60). On June 8, 2018, the court entered default judgment against Mr. Sundahl and Equifund Capital. (ECF No. 65). From June to October of 2018, Mr. Fellows pursued collection efforts against judgment-debtors Mr. Sundahl and Equifund Capital.

In the six months that followed—from October 16, 2018 to April 17, 2019—the court received no filings from Mr. Fellows. Additionally, fact discovery in this case has been closed for nearly two years—since June 30, 2017—and the deadline for dispositive motions elapsed on November 30, 2017. (ECF No. 32). Accordingly, on April 17, 2019, Magistrate Judge Warner ordered Mr. Fellows to provide the court with the status of his arbitration against the BG Defendants as well as his intentions to proceed against Mr. Halliday. (ECF No. 71).

On April 23, 2019, Mr. Fellows filed a perfunctory response that seemed to intimate that he has failed to even commence arbitration against the BG Defendants in the nearly 30 months since arbitration was compelled. Mr. Fellows advanced a cursory request that he be permitted more time to collect on his default judgment against Mr. Sundahl and Equifund Capital in order to finance (1) his arbitration against the BG Defendants and (2) further proceedings against Mr. Halliday.

On May 9, 2019, the court ordered Mr. Fellows to show cause, within 14 days, why the claims against the BG Defendants and Mr. Halliday should not be dismissed without prejudice for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. (ECF No. 74). Mr. Fellows did not respond.

This case is nearly three years old. The discovery cutoff and deadline for dispositive motions have long since elapsed. In addition to his failure to adduce any explanation for his

failure to proceed against Mr. Halliday in the last two years, Mr. Fellows has not even attempted to explain his failure to move for an amended scheduling order or to apprise the court of the status of arbitration with the BG Defendants as required by Magistrate Judge Warner's order.

In sum, Mr. Fellows has made no attempt to diligently prosecute his claims against the BG Defendants or Mr. Halliday for at least two years (30 months in the case of the BG Defendants). He also failed to comply with Magistrate Judge Warner's order to provide periodic updates regarding the arbitration proceedings. And by disregarding the court's order to show cause, he has not provided any reasons why these failures should be excused.

Because of Mr. Fellows' failure to prosecute, his failure to provide updates as to the status of arbitration, and his failure to respond to this court's order to show cause, the remaining claims against the BG Defendants and Paul M. Halliday, Jr. are **DISMISSED WITHOUT PREJUDICE.** The Clerk of Court is directed to close the case.[1]

Signed May 29, 2019

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge

---

[1] This order does not affect Mr. Fellows' ongoing collection efforts against default-judgment debtors Dan R. Sundahl and Equifund Capital.